# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

KIRELL FRANCIS (TAYLOR) BETTIS,                CASE NO. 1:08-cv-01561-AWI-GSA PC

          Plaintiff,

                           ORDER DISMISSING ACTION
    v.                          FOR FAILURE TO STATE A CLAIM

BLACKSTONE, et al.,                          (Doc. 1)

          Defendants.

_____/

## I.     PROCEDURAL HISTORY

Plaintiff, Kirell Francis (Taylor) Bettis, ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed his Complaint on October 17, 2008.  (Doc. 1.)

## II.    SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. §

1

1915(e)(2)(B)(ii).

"[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2).

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, ___ U.S. ___, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusion are not. Id. at 1949; see also Moss v. U.S. Secret Service, ___ F.3d ___, 2009 WL 2052985, *6, (9th Cir. 2009) ref Iqbal, 129 S.Ct. at 1949; Twombly, 550 U.S. at 556-557.

## A.      Summary of Plaintiff's Complaint

Plaintiff is currently housed at Kern Valley State Prison, ("KVSP") in Delano, California – where the events giving rise to this action allegedly took place. Plaintiff names Officer Blackstone, Senior Accountant D. Farmer, Officer Singleton, and the United States as defendants in this action. Plaintiff seeks monetary damages.

Plaintiff alleges that on December 15, 2006, a personal check for Plaintiff in the amount of $30,000,000.00 was delivered by the United States Postal Service to KVSP. Plaintiff alleges that a mail-room employee (who was supervised by Defendant Blackstone or his predecessor) removed the check. On January 25, 2007, Defendant Farmer ordered trust account statements printed out for every inmate, which Defendant Singleton delivered on January 29, 2007. Therein, Plaintiff discovered that the $30,000,000.00 had not been deposited to his trust account, and has

been unable to ascertain the whereabouts of his $30,000,000.00 ever since.

Plaintiff brings this action as a Federal Tort Claims Action under 28 U.S.C. §§ 2671-2680 and under 42. U.S.C. § 1983.[1]

### 1.  Federal Tort Claims Act and United States as a Defendant

If a claimant has met the jurisdictional prerequisite of filing a timely administrative claim,[2] the Federal Tort Claims Act (FTCA) provides that:

> [T]he district courts . . .  shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages . . . for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b).  The FTCA also provides that the United States shall be liable for tort claims "in the same manner and to the same extent as a private individual under like circumstances."  28 U.S.C. § 2674.  The FTCA contains a limited waiver of sovereign immunity, making the federal government liable for certain torts of federal employees acting within the scope of their employment.  United States v. Orleans, 425 U.S. 807, 814 (1976).

In the instant case, Plaintiff does not allege that he has filed a tort claim with any federal agency.  Indeed, Plaintiff's allegations herein are alleged against state prison employees – not against any employee of the federal government.  While Plaintiff named the United States as a defendant, he failed to link any of his claims to the United States,[3] or to any federal actors so as

---

[1] In his caption, Plaintiff asserts that he is bringing a compulsory counterclaim under Fed. R. Civ. P. 13(a). Plaintiff apparently does not understand that, as a Plaintiff filing the original complaint in an action, there is no party asserting allegations against him for him to be required, let alone able, to bring an opposing compulsory counterclaim under Fed. R. Civ. P. 13(a).

[2] A suit may not be instituted against the United States under the FTCA unless the claim is first presented to the appropriate federal agency and one of the following conditions is met: the claim is finally denied, or six months have passed without a final resolution having been made.  28 U.S.C. § 2675(a).  The claim presentation requirement is a jurisdictional prerequisite to bringing suit and must be affirmatively alleged in the complaint.  Gillispie v. Civiletti, 629 F.2d 637, 640 (9th Cir. 1980).

[3] The Civil Rights Act (42 U.S.C. § 1983) plainly requires that there be an actual connection or link between the actions of a defendant and the deprivation alleged to have been suffered by Plaintiff.  See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).

1   to create liability on the part of the federal government.  Even giving Plaintiff every leniency,

2   there does not appear any basis upon which Plaintiff might be able to create such liability if given

3   leave to amend   Thus, Plaintiff has no basis to pursue any tort claims under the FTCA.  Further,

4   this action must be dismissed on other grounds, as discussed infra.

5              **2.  42 U. S. C. § 1983**

6              **a.  Due Process**

7          Plaintiff alleges that his $30,000,000.00 was never deposited into his prisoner trust

8   account.  The Due Process Clause protects prisoners from being deprived of property without due

9   process of law, Wolff v. McDonnell, 418 U.S. 539, 556 (1974), and prisoners have a protected

10  interest in their personal property, Hansen v. May, 502 F.2d 728, 730 (9th Cir. 1974).  However,

11  while an authorized, intentional deprivation of property is actionable under the Due Process

12  Clause, *see* Hudson v. Palmer, 468 U.S. 517, 532, n.13 (1984) (*citing* Logan v. Zimmerman

13  Brush Co., 455 U.S. 422 (1982)); Quick v. Jones, 754 F.2d 1521, 1524 (9th Cir. 1985), neither

14  negligent nor unauthorized intentional deprivations of property by a state employee "constitute a

15  violation of the procedural requirements of the Due Process Clause of the Fourteenth

16  Amendment if a meaningful postdeprivation remedy for the loss is available," Hudson v.

17  Palmer, 468 U.S. 517, 533 (1984).  An inmate's "interest in the funds in his prison [trust]

18  account is a protected property interest." Quick v. Jones, 754 F.2d 1521, 1523 (9th Cir. 1985).

19  California law provides an adequate post-deprivation remedy for any property deprivations.

20  Barnett v. Centoni, 31 F.3d 813, 816-817 (9th Cir. 1994).

21         Thus, Plaintiff has not, and cannot, state a cognizable claim under the Due Process Clause

22  based on his check for $30,000,000.00 never being deposited into his prisoner trust account.

23              **b.  Supervisory Liability**

24         Plaintiff appears to have named Defendant Blackstone in this action based purely on his

25  supervisory position.

26         Supervisory personnel are generally not liable under section 1983 for the actions of their

27  employees under a theory of respondeat superior and, therefore, when a named defendant holds a

28  supervisorial position, the causal link between him and the claimed constitutional violation must

be specifically alleged.  *See* <u>Fayle v. Stapley</u>, 607 F.2d 858, 862 (9th Cir. 1979); <u>Mosher v. Saalfeld</u>, 589 F.2d 438, 441 (9th Cir. 1978), <u>cert.</u> <u>denied</u>, 442 U.S. 941 (1979).  To state a claim for relief under section 1983 based on a theory of supervisory liability, plaintiff must allege some facts that would support a claim that supervisory defendants either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" <u>Hansen v. Black</u>, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); <u>Taylor v. List</u>, 880 F.2d 1040, 1045 (9th Cir. 1989).  Under section 1983, liability may not be imposed on supervisory personnel for the actions of their employees under a theory of <u>respondeat superior</u>.  <u>Iqbal</u>, 129 S.Ct. at 1949.  "In a §1983 suit or a Bivens action - where masters do not answer for the torts of their servants - the term 'supervisory liability' is a misnomer." <u>Id.</u>  Knowledge and acquiescence of a subordinate's misconduct is insufficient to establish liability; each government official is only liable for his or her own misconduct.  <u>Id.</u>  Although federal pleading standards are broad, some facts must be alleged to support claims under section 1983.  *See* <u>Leatherman v. Tarrant County Narcotics Unit</u>, 507 U.S. 163, 168 (1993).

Further, under section 1983, Plaintiff must demonstrate that each defendant *personally* participated in the deprivation of his rights.  <u>Jones v. Williams</u>, 297 F.3d 930, 934 (9th Cir. 2002) (emphasis added).  The Supreme Court recently emphasized that the term "supervisory liability," loosely and commonly used by both courts and litigants alike, is a misnomer.  <u>Iqbal</u> at 1949.  "Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*." <u>Id.</u> at 1948.  Rather, each government official, regardless of his or her title, is only liable for his or her own misconduct, and therefore, Plaintiff must demonstrate that each defendant, through his or her own individual actions, violated Plaintiff's constitutional rights.  <u>Id.</u> at 1948-49. The whole of Plaintiff's allegations against Defendant Blackstone are that "the [$30,000,000.00] check was obviously removed [from the mailing envelope] by an employee in the mail-room, supervised by defendant Lieutenant, Blackstone or his predecessor."  (Doc. 1, Compl., ¶ 23.)  This does not show that

Defendant Blackstone engaged in any misconduct, nor did anything other than be the supervisor of the mail-room at the time Plaintiff feels that his check was removed from the mailing envelope.  This does not state a cognizable claim against Defendant Blackstone.

**B.**     **Plaintiff's Prior Filings**

The Court notes that Plaintiff has filed numerous actions in this and other District Courts -- two of which involved the same subject matter as that alleged in this action.

Plaintiff filed this Court's case number 1:07-cv-0240-AWI-DLB based on allegations similar to those at bar.  However, that case was dismissed without prejudice for failure to exhaust administrative remedies which were illuminated when Plaintiff filed a motion for stay, requesting the action be held in abeyance so that he could exhaust his administrative remedies.

Subsequently, in this Court's case No. 1:07-cv-01857-LJO-DLB, Plaintiff attempted to allege a claim under 42 U.S.C. § 1981 by alleging that on December 11, 2006, he received a check for $30,000,000.00, for deposit into his prison trust account; an envelope bearing the check was delivered to his cell; Plaintiff inspected the envelope with the check and returned it to prison personnel; the money was not thereafter deposited into his prison trust account; Plaintiff filed an inmate 602 appeal on the missing money; and was informed that the accounting department had never received his check.  In that action, the Magistrate Judge filed Findings and Recommendations to dismiss the case based on Plaintiff's failure and inability to state a claim. Subsequently, and prior to the District Judge issuing an order adopting the Findings and Recommendations, Plaintiff filed a voluntary dismissal upon which an order dismissing the case issued.

Thus, aside from failing to state a claim, there is additional basis for dismissal of the present action as it "merely repeats pending or previously litigated claims." Cato v. United States, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995) *quoting* Bailey v. Johnson, 846 F.2d 1019, 1021 (5th Cir. 1988) *ref.* Denton v. Hernandez, 504 U.S. 25, 30 (1992).  While Plaintiff's prior claims did not proceed through trial, if Plaintiff had not filed a voluntary dismissal, case No. 1:07-cv-01857-LJO-DLB would have both been dismissed with prejudice on the merits for failure to state a claim and counted as a strike under the PLRA.

**II.      CONCLUSION**

Plaintiff's Complaint fails to state any cognizable claims under section 1983.  Plaintiff's claims are such that the deficiencies in his claim(s) are unable to be cured so as to state any cognizable claim(s).

Accordingly, this action is HEREBY DISMISSED, with prejudice, for failure to state a claim under section 1983, and this dismissal SHALL count as a strike under 28 U.S.C. § 1915(g).


IT IS SO ORDERED.

**Dated:    September 11, 2009             /s/ Anthony W. Ishii**
CHIEF UNITED STATES DISTRICT JUDGE